versus Pandya. Mr. Swakeen. Yes, Your Honor. Good morning. Good morning. So you have five minutes, but you've asked for one minute of rebuttal, so that will give you four minutes now, and then after the other lawyer has spoken, you'll get a chance to rebut. Yes, Your Honor. My name is Bensam Swakeen. I'm an outstanding employee from the City of New York Health and Hospital Corporation, and my basic salary was $18,000, and I help the people financially, physically, and mentally. So these appellees are my best friends from the church. Since 2009, appellees are borrowing money from me little by little. Now it is $110,000 as student loan. I help the people if they want the money for the school, for the college, to pay the money, I help the people. Yes, the appellees used my money to send her daughter, Emeline Pandyan, to college and medical college. Now she's a doctor making sound enough money to return the loan. Appellees used my money to send their son, Frederic Pandyan, to school and college. Now he is a chief financial officer at Ballot Hispano Company in New York. One of the problems that the asked to do so. You have a lot more now that you're arguing, but the issue is at the time of the proceedings, you didn't comply with the judge's order that you provide materials that you respond within a particular time. Your Honor, on time, the judge told me to go to India and find out they have any property or anything. These appellees systematically pre-planned bankruptcy, doing bankruptcy for making illegal money. So what they did with the help of a lawyer, they transfer all the properties and everything to their family members before they do the bankruptcy. So this Chapter 7 bankruptcy to get money, illegal money, to make legal, they are rich enough to pay the money. But did you provide information and support for that statement to the bankruptcy court on time, on the schedule that the bankruptcy court directed you to do so? Yes, Your Honor, I provide whatever I pre-planned and systematically stopped. So whenever I go and find out, when I ask the personal documents, Your Honor, they're supposed to give my document from the court or the attorney. The attorney returns the document. If I have to, this is my last day tomorrow, I get the document today. I cannot do. Yes, I'm not an attorney. So they won't give me any privileges. They won't support anything to help any documents. Even though, Your Honor, they are very rich and religious, I don't even know this is their second bankruptcy. They keep on doing business bankruptcy to make illegal money. Now the issue is, did the bankruptcy court make a mistake in its ruling? And the bankruptcy court relied on the fact that you didn't provide evidence on the schedule that the court had asked you to provide evidence in support of your claim. Your Honor, this appellee's already pre-planned to do the bankruptcy in New York, because in New York, Chapter 7, it's easy for them to escape from their loan. No, it's not that easy. I mean, right? I mean, you brought your claim, and then the bankruptcy court construed it as an adversary complaint and said, okay, we're going to then, we'll go forward with this complaint, and then directed you to support your claims with evidence that they had concealed assets. Did the bankruptcy court do that? Your Honor, I gave all the check and everything. These are the highest document I have to prove the honorable court. I lend money. Even now, they are rich enough. I don't have money to pay the lawyer, Your Honor, but they have money. The issue is whether you provided any evidence that the Pantheons had concealed their assets. Your Honor, I gave all my... What was the evidence you provided for that? I gave all my documents, and the honorable court knows now they are rich enough to return my money. They are rich enough. They borrowed money, all student loan. The student loan not able to discharge, Your Honor. I pay all the money to send their kids to school, college. Now they are making more than $300,000, $400,000. The family income is now every month more than $25,000, Your Honor. I, because my hard work. I worked 30 years in the city of New York as an outstanding employee. My blood. This is my last, my senior, I am a senior... But I just, what I'm trying to say is that we're an appellate court. We're here to consider mistakes that you allege were made by the bankruptcy court. And so, what was the mistake that the bankruptcy court made? Because even though I... Bankruptcy court did not allow me to... I suppose to put the opposition to summary judgment. The bankruptcy court gave me near about three months to do so, but I either trustee's office or the appellate attorney supposed to give their personal record. I didn't get. The trustee's office said you are not a lawyer. You have to go and get it from the appellate attorney. I call the appellate attorney and make email to them. I didn't get on time. But what did the district, what did the bankruptcy court do wrong? So the bankruptcy, first of all, the bankruptcy court did not give me more time to file my documents. They did not give anything. Even though I am an innocent appellant, your honor, and I did help to my best friend, the appellees, my best friend, they did... So you're saying that the bankruptcy court should have given you more time. No. No, they're supposed to give me time. I tell the judge, your honor, I cannot submit these documents because the personal documents I did not get from the court, and I did not get from the lawyer. The lawyer sent it. Tomorrow is my last day. One hour, two days before he sent it. What I can do? I request the judge, but they did not consider me. All right. Well, let's, so we've gone quite a bit over, but that's okay. We'll now hear from your adversary, from Mr. Lefkowitz, and then you'll get a chance to respond after he speaks. Thank you, your honor. Thank you, Mr. Chief. Mr. Lefkowitz. Good morning, your honors. May it please the court, Lawrence Lefkowitz, attorney for the appellees, Mary Pandian and Samuel Pandian, and I was the attorney in the underlying bankruptcy case as well. The appellant's appeal should be denied. They failed to, he failed to provide sufficient evidence that supported his adversary complaint filed in the original bankruptcy case. Could you walk us through the chronology there? I just want to make sure that I'm not missing something. Well, the bank, they filed bankruptcy on November 9th, 2020. There was, during Chapter 7, it was a personal bankruptcy, not a business bankruptcy. If I recall, they were retired, just had Social Security and a pension. All right, and so when was the adversary proceeding initiated? It was initiated on February 3rd, 2021 by the appellant. And it was adjourned a number of times to get, to allow the appellant time to... Well, your client's moved to dismiss, and then it gets converted into an adversary proceeding. Well, it was converted to a motion. I filed a motion to dismiss, which was converted to a motion for summary judgment. And then the bankruptcy judge allowed appellant additional time. Well, so that's, I'm trying to figure out what the timetable was for the conversion of the case to an adversary proceeding, and then the date by which submissions were to be made. Yes, okay. I'm just going to say the exact... It was adjourned a number of times. On December 13th, 2021, the judge entered a scheduling order for briefing and further hearing of the motion to dismiss. He was allowed to supplement his objection by January 14th, 2022, and the hearing was scheduled for February 22nd. So he was allowed to submit any other documents that he needed to. It was adjourned again on February 22nd. To accommodate Mr. Sarkeen, or for another reason? Yes, that's my recollection, yes. I recall that he said he was going to travel to India to find these unknown properties that he alleged that the appellees owned there, but there was no proof of anything whatsoever. There was never any triable issues of fact. What was the date by which then submissions, additional submissions were to be made? Okay. It was adjourned. Okay, on March 3rd, it said scheduled hearing to be held on March 10th. Okay. Well, you hear Mr. Sarkeen's point that he didn't have enough time. No, there was several months, like about four months at least, that he was allowed. It's all in the whole scheduling order. So that's really the question. What's the response to that argument, that he didn't have enough time? They went out of their way. I mean, this went out for months. It was filed on February 3rd, 2021. And the final hearing was on March 10th, 2022. And there was, and they finally decided the motion on July 19th, 2022. So he had plenty of time. He also had time prior. Initially, for the Section 341 meeting, he was notified of the bankruptcy filing. He was notified the date of the Section 341 meeting. The trustee examined him. I believe the appellant was present at that meeting. He did his due diligence. He reviewed the debtor's assets, their income, their expenses, their exemptions. And he filed this report of no distribution. So he had over a year to try to find evidence that the appellees were hiding assets or not disclosing their income. I mean, the appellee keeps talking about the children are making a good living, but they have no obligation on this debt. They were not co-debtors on this debt. And they're not part of the bankruptcy case. Okay. All right. Thank you very much. All right. Thank you. Mr. Swakini, you have a minute for rebuttal. Yes, Your Honor. He said that a respected lawyer, Lawrence, said they gave me an opportunity. It's not true, Your Honor, because I am not a lawyer. So I cannot fight for everything. Just I can request. But request, if they don't want to give, they don't want to give. So the time, he said, they allowed a lot of time. It's not true, Your Honor.  I think the judge told me to go to India. I went to India and to the hometown of them. Before they do the first bankruptcy, this respected lawyer told him, you do not have any property on your name. So they changed the property to their family, sister, brother, son. But you have to show that, right? So did you provide that evidence to the court? When I went to the department, they told me this is a personal document. It is true, but we are not going to disclose it. They told me. And not only that, Your Honor, this respected lawyer and the police called me for compromise and settlement on December 7, 2019 at 1.45 p.m. I went to their office. This respected lawyer took all my original documents, copies, and told me to wait. I wait one hour. The police never come. He told me, you go home. I will call you. Then he called me and told me, they changed their mind. They are going to file Chapter 7. Your Honor, this is the respectable job he is doing. He is a lawyer. I cannot say he did a mistake. But he did a really bad mistake. He called me and cheated me. I feel very bad, Your Honor. This is my best money. Until I die, I need money to support myself. And I help people physically, mentally, and financially. Not only these people.  All of them gave the money. Only these people gave the money. These people, they pre-planned. Before they do the first bankruptcy, this respectable honorable lawyer advised them what to do. Now, even when you are asking questions, he has no answer immediately. He is looking here and there. Your Honor, hence, I am requesting this honorable court. This is my blood, sweat, and money for my 30 years outstanding. My outstanding. All right. No, no. Look, Mr. Sharkey, I am just, again, I want you to vote. We are a court of appeals, so we are really just focusing on what mistakes were made below by the bankruptcy court. So that is the focus. But we have your briefs. We have had the benefit of this argument, so thank you. We are not going to decide today. We will issue a written decision. Thank you, Your Honor. Thank you. You did very well for a non-lawyer. Nicely done. Thank you, Mr. Lefkowitz, as well.